W. B. CHAFFIN & BRO. *v.* J. W. STUART AND OTHERS.

1. EXECUTION. *Failure to return.* A failure to return an execution within the time prescribed by law, renders a sheriff and his sureties liable for the whole debt. Code, § 3,594; Webb *v.* Armstrong, 5 Hum., 379.

   And the fact that it came to his hands but a few days before the return-day, makes no difference; he was bound to return it. McCrory *v.* Chaffin, 1 Sneed, 307; Smith *v.* Gilmore *et al.*, 3 Sneed, 481.

2. SAME. *Alias execution. Effect of.* The issuance of an *alias* execution is no waiver of the plaintiff's right to proceed by motion for the default of the sheriff, in failing to return the former execution. But any amount thus collected should be credited upon the judgment.

3. SAME. *Onus probandi on defendant. When.* The defendant being in default, by failing to return the execution, before he can be relieved from the consequences, upon the ground that the plaintiffs, by their act or interference, caused the default, he must prove his defence.

FROM LAWRENCE.

Appeal from the Circuit Court. WM. P. MARTIN, Judge.

MATTHEWS & DEAVENPORT for Chaffin & Bro.

G. T. HUGHES for Stuart *et al.*

M'FARLAND, J., delivered the opinion of the Court.

This is a motion against J. W. Stuart and his sureties as former sheriff of Lawrence County, for

failing to return an execution issued by a Justice of
the Peace, also for an insufficient return. The execu-
tion was issued on the 15th of May, 1861, and came
to the hands of a deputy of the defendant's (Stuart)
on the same day, and who, on the 16th, endorsed
upon the execution a levy upon a negro boy, the
property of one of the defendants, "subject to a pre-
vious levy of . an execution in the hands of John W.
Stuart." On the 10th of June the execution came
to the hands of Stuart, the principal sheriff. He
failed to return the same within thirty days, but
returned it on the 16th of July, endorsed: "Returned,
by recent Act of Legislature nothing made." The
failure to return the execution within the time pre-
scribed by law rendered the sheriff and his sureties
liable for the whole debt. Code, 2,594; Act of 1835;
*Webb* v. *Armstrong*, 5 Hum., 379. That the execu-
tion came in the hands of Stuart but a few days
before the return-day makes no difference; he was
bound to return it. *McCrony* v. *Chaffin*, 1 Sneed,
307; *Smith* v. *Gilmore et al.*, 3 Sneed, 481. But it
is argued that after this default occurred, the plain-
tiff caused an *alias* or *pluris* execution to issue, and
that this is a waiver of the plaintiff's right to pro-
ceed against the sheriff and his sureties for the
default in failing to return the former execution.
In a recent case before this Court it was held, upon
a review of the authorities, that the issuance of such
*alias* execution was no waiver of the plaintiff's right
to proceed by motion for the default of the sheriff

in failing to return the former execution, but any amount thus collected should be credited upon the judgment.    As a defence to the motion Stewart was examined as a witness, and proved that in ten minutes after the execution came to hand, he saw one of the plaintiffs and asked him what he should do with the execution, and, in the language of the witness, " Chaffin agreed that I should make such return as would save myself, and that the endorsement thereon was made at the house of said Chaffin some time afterwards in his presence, and in pursuance of an agreement at the time the entry was made." Chaffin was examined as a witness, and disproves the statements of Stuart.    Stuart being in default, by failing to return the execution, before he can be relieved from the consequences, upon the ground that the plaintiffs, by their act or interference, caused the default, or misled him, he must prove this defence; the burthen of proof is upon him.    His own account of what occurred between him and Chaffin, at the time he received the execution, does not establish his defence.    He says, " Chaffin agreed that he might make any return that would save him."    This agreement amounted to nothing.    He had this right without Chaffin's consent.

At the time he made the endorsement, his default and liability had already occurred, and, besides, Chaffin positively denies the statements of Stuart, and the defence is not established.    The judgment was ren-

dered for the balance due after allowing credits for all payments.

We think there is no error, and the judgment is. affirmed.